IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 22 2021

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

JUDITH A MAYERS, Individually
&
JUDITH A MAYERS, AS
CONSERVATOR/GUARDIAN FOR
"SAM"

Plaintiffs

vs.

THE GATHERING OF CHRIST CHURCH
(GOCC), and
THE INDIVIDUAL KNOWN AS
"ELDER GABAR"

Defendants.

Civil Action No.

**1:21-CV-1192**

**JURY TRIAL DEMAND**

## COMPLAINT

COMES NOW, Plaintiff, Judith A. Mayers, individually and, Judith A. Mayers, as Conservator/ Guardian for "SAM" a disabled individual who is dependent on Judith A. Mayers, for financial and physical care, and files her Complaint against the above-named Defendants on the following grounds:

## INTRODUCTION

1.

This is an action for Slander pursuant to GA. CODE ANN. § 51-5-4, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Tortious Interference with a Contractual Relation under Georgia law.

1

## JURISDICTION, VENUE, AND PARTIES

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

a. *Plaintiff* Judith Mayers, individually & as Conservator//Guardian, is an adult citizen of the County of Douglas, State of Georgia.

b. *Defendant* GOCC is headquartered in the State of Pennsylvania

c. *Defendant* GOCC has a church in the State of Georgia and conducts worship in the greater Atlanta area on a weekly basis

d. *Defendant* "Elder Gabar" resides in the State of New York

e. *Defendant* "Elder Gabar" is employed by and/or directed by the leadership of GOCC, headed by Elder Rawchaashayar (Richard Sheppard), and is therefore liable for its servant's torts acting within the scope of its business pursuant to O.C.G.A. § 51-2-2.

Defendant GOCC operate its business within the Northern District of Georgia. All actions by Defendants alleged herein occurred or had an impact within the Northern District of Georgia and thus, venue in this district is proper for the Defendants pursuant to 28 U.S.C. § 1391 (b)(2) & (c)(2) because Defendants are deemed to reside in any judicial district in which it is subject to the Court's personal jurisdiction.

## FACTS

3.

## COUNT 1- DEFAMATION

**Slander**

Plaintiff Judith A. Mayers was baptized in GOCC in August 2017 and was an active member of the church in both the Atlanta and New Jersey bodies. Plaintiff is over the age of 40, has been married on more than one occasion, and has a child from one of her previous marriages.

4.

Plaintiff has been diagnosed with diabetes since 2017 and has had controlled level of blood sugar and with use of low dose basic diabetic medication and diet.

5.

On Monday, August 31, 2020, Plaintiff was engaged in a religious conversation with a male, non-church member friend, who requested to speak with someone in a higher capacity regarding Church doctrine, since women were not allowed to teach men, but could only guide them to a male member per GOCC protocol.

6.

On said date, at 11:30 p.m. Plaintiff text the v-card of friend to Defendant Elder Gabar asking him to reach out to the male friend to explain Israelite doctrine and provide the proof/studies to back up the Church's doctrine. Within two minutes, Defendant Elder Gabar called Plaintiff and immediately began to interrogate Plaintiff on the nature of the relationship between Plaintiff and her male friend. When Plaintiff responded that she was an adult and capable of making her own decisions, Defendant Elder Gabar, chastised Plaintiff for "being in a man's house at 11:30 pm" and that Plaintiff could only be engaged in the act of fornication "that time of night" and hung up the phone.

7.

Defendant Elder Gabar then called Plaintiff's male friend, who was next to Plaintiff, and on speaker phone, Plaintiff heard Defendant refer to Plaintiff, as an "African American" with

multiple children out of wedlock (neither Plaintiff nor her friend are African Americans), and that the friend should not listen to Plaintiff because Plaintiff was a woman. During said conversation, Defendant Elder Gabar promised to send Plaintiff's friend information about various church doctrines, but to date has not provide *any* information.

8.

On Tuesday, September 1, 2020 at 7:45 a.m. Plaintiff received a text from the Deacon of the Atlanta Church, Elder Baruch (Barry Severson), informing Plaintiff that a conference call will be scheduled with Church leadership and until then Plaintiff was "not to attend gatherings of the Church including Shabbat Services."

9.

On Sunday, September 6, 2020, at approximately 5:15 p.m., Defendant Elder Gabar, along with Elder Baruch and Elder Lawya (who is second is charge of GOCC under Elder Rawchaashayar), held the conference call, led by Defendant Elder Gabar, where Plaintiff was further accused of immoral behavior and was called an "idiot" and "half retarded." When Plaintiff attempted to respond to the accusation, Plaintiff's call was purposefully disconnected.

10.

Plaintiff was so traumatized by the event, Plaintiff became physically ill and began suffering frequent and severe headaches. Shortly thereafter, Plaintiff was not able to walk up a flight of stairs or carry her purse. By or about September 29, 2020 Plaintiff had to seek medical attention and discovered her blood sugar level had shot up to 300 mg/dl. Plaintiff was given an immediate and emergency shot of insulin at the doctor's office and was prescribed insulin for about five days, whereby Plaintiff had to inject herself at least once daily. Thereafter, Plaintiff was taken off the injectable and was prescribed two stronger dose daily medications, taken twice

daily, as well as medication to protect her heart and kidneys. Plaintiff is still under a doctor's care and has never returned to any gatherings of the Church or Shabbat Services.

11.

### Defamation Per Se

Plaintiff incorporates herein paragraphs 1 through 10 of her Complaint. In addition, the statements made by Defendant Elder Gabar outlined in ¶¶ 3-10, based on an assumption that called for a phone conference with Church Leadership, and suspension from the Church, has humiliated and harmed Plaintiff's reputation. The egregious statements by Defendant Elder Gabar have been recognized to constitutes Defamation per se under Georgia Law.

12.

### Intentional Infliction of Emotional Distress

Plaintiff incorporates herein paragraphs 1 through 11 of her Complaint. Defendant Elder Gabar's conduct as outlined in ¶¶ 3-10, was reckless, extreme and outrageous, and caused Plaintiff to suffer severe emotional distress requiring medical intervention, and constitute Intentional Infliction of Emotional Distress under Georgia Law.

13.

### Negligent Infliction of Emotional Distress

Plaintiff incorporates herein paragraphs 1 through 12 of her Complaint. Defendant Elder Gabar's conduct as outlined in ¶¶ 3-10, was reckless, extreme and outrageous, and caused Plaintiff to suffer severe emotional distress requiring medical intervention that not only impacted Plaintiff's current health, but will also have deleterious impact on Plaintiff's future health and life expectancy, constitute Negligent Infliction of Emotional Distress as recognized by the Georgia courts.

14.

**Respondeat Superior**

Plaintiff incorporates herein paragraphs 1 through 13 of her Complaint. Defendant Elder Gabar is employed by and/or is directed by the leadership of Defendant GOCC, as demonstrated by Defendant Elder Gabar arranging a conference call with Elder Lawya, second in command of GOCC. Therefore, Defendant GOCC is liable for its servant's torts who was acting within the scope of its business pursuant to O.C.G.A. § 51-2-2.

15.

**Count II – Tortious Interference with Contractual Relations**
**Judith A. Mayers as Conservator/Guardian for "SAM"**

Plaintiff incorporates herein paragraphs 1-14 of her complaint. Judith A. Mayers, is the authorized legal Conservator for "SAM" a disabled individual who is dependent on Judith A. Mayers, for financial and physical care. Defendants (collectively) defamed and caused Plaintiff Intentional and Negligent Infliction of Emotional distress as outlined in ¶¶ 3-10, and maliciously did so on the basis Plaintiff is female. As a result of Defendants actions, Plaintiff was unable to perform her duty as Conservator. Defendants actions were reckless, extreme and outrageous and not only impacted Plaintiff's current health, but will also have deleterious impact on Plaintiff's future health, life expectancy and future earnings. Consequently, "SAM" will not have the benefit of Plaintiff's care and future earnings. In addition, Defendants actions shortened Plaintiff's lifespan and Plaintiff will not be able to continue being the Conservator of "SAM" as normally would.

16.

**Prayer For Relief**

Wherefore, Plaintiff prays for a judgment as follows:

1. That the Court grant Plaintiff, against Defendant Elder Gabar, actual, punitive, and compensatory damages for the defamation, humiliation, emotional distress, and other damages caused by Defendant's conduct in an amount to be determined at trial;

2. The Court grant Plaintiff, against Defendant GOCC, actual and compensatory damages for the humiliation, emotional distress, and other damages caused by Defendant's conduct in an amount to be determined at trial;

3. That the Court grant Plaintiff, against Defendant GOCC, punitive damages for the reckless and malicious actions of its servant that severely impacted Plaintiff under O.C.G.A. § 51-12-5.1 with the amount to be determined at trial;

4. That the Court grant Plaintiff, as Conservator for "SAM", future earnings of Plaintiff, against Defendants collectively in an amount to be determined at trial; and

5. That the Court grant Plaintiff all other relief the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

This 18th day of March 2021

Respectfully Submitted,

By: /s/ Judith A. Mayers
Pro Se Plaintiff

3400 Chapel Hill Road, Suite 100
Douglasville, GA 30135
Phone: (470) 729-2991
Fax: (678) 383-8530
judith@JAHardingLaw.com

7